IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DOMINIQUE HOELCK, § | |
| § | |
| v. § | NO.  A-06-CA-526  SS |
| § | |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
 UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint (Clerk's Doc. No. 4);  Plaintiff's Brief (Clerk's Doc. No. 14);  Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 20); and the Social Security Record filed in this case  (Cited as "Tr."). Plaintiff appeals from the Administrative Law Judge's (ALJ) determination that she is not "disabled" and presents for review the following issues: (1) whether the ALJ's decision properly considered Plaintiff's physical and mental impairments; (2) whether the ALJ's decision gave proper weight to the opinions of the treating doctors; (3) whether the ALJ's determination that Plaintiff was not credible was based on the proper legal standard; and (4) whether there are other jobs in significant numbers in the national economy that Plaintiff can perform.

**I.   BACKGROUND**

Plaintiff, who has a B.A. in English, worked until 2003 for the Public Utility Commission of Texas, when she was laid off.  She attempted to work after that, but she reported that her bi-polar disorder prevented her from continuing employment as a receptionist, and that she now works for an elder care company, making less than $400 per month.  Plaintiff is currently on a number of

medications for her bi-polar disorder and panic attacks, including lithium and Paxil. In addition, Plaintiff testified that she was diagnosed with fibromyalgia following a car accident in 1995, and has been dealing with the concomitant pain since. An intake evaluation form completed in January 2005 by Travis County MHMR (Mental Health and Mental Retardation) gave Plaintiff a GAF (Global Assessment of Functioning) of 50; eleven months later Plaintiff was given a GAF of 55 by MHMR. *See* Tr. 367, 380.

The medical expert (ME) testifying at Plaintiff's hearing noted that she has a long history of psychiatric difficulties dating back to her teens; while she has been diagnosed with a number of disorders, the recurrent diagnoses, the ME testified, were "primarily mood and anxiety disorder" and an eating disorder. *See* Tr. 420. He also noted that Plaintiff has been diagnosed with a GAF of 60 which indicates (1) some mild symptoms (e.g., depressed mood and mild insomnia); or moderate difficulty in social, occupational, or school functioning (e.g., few friends and conflicts with co-workers). The doctor who performed that assessment also diagnosed Plaintiff with dysthmic disorder (essentially persistent depression, but not Major Depressive Disorder), compulsive eating disorder, and Obsessive-Compulsive Disorder. *Id*. Finally, he testified that if Plaintiff were to return to work, he would limit her to very basic, repetitive task jobs with limited contact with the public. *Id*. The vocational expert (VE) testified that her current job as an eldercare worker is not "substantial gainful activity," but that there were jobs in the national economy that Plaintiff could perform based on her restrictions.

## II.   ANALYSIS

Plaintiff first contends that the ALJ did not properly consider her physical and mental impairments. Much of Plaintiff's argument amounts to no more than a regurgitation of the record,

much of it cited verbatim, *see* Plaintiff's Brief at 4-11, which does not amount to a legal argument. However, she does argue that the ALJ ignored a diagnosis of a GAF score of 50 (which indicates serious symptoms or impairments), *see* Tr. 380, and focused instead on the GAF score of 60 from May 2004, which, according to Plaintiff, was "rounded up" from what was actually a GAF of 55. In other words, Plaintiff argues that the ALJ cherry-picked and distorted the evidence from the record to support his decision. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

Plaintiff is wrong on all counts. She was a given a GAF score three times: (1) in May 2004, a Texas state agency physician gave her a GAF score of 60 (Tr. 196); (2) in January 2005, she was given a GAF of 50 by a Licensed Professional Counselor (LPC) (Tr. 380); and (3) in November 2005 she was given a GAF of 55 by her treating physician (Tr. 367). The ALJ clearly took into account the GAFs of 55 and 60 (Tr. 16, 17). He did not need to take into account the low score of 50 because this GAF assessment was made by a non-physician at the initiation of treatment. Tr. 205. As such, this assessment is not from an acceptable medical source for purposes of establishing whether Plaintiff has a medically determinable impairment, and thus need not be considered by the ALJ. *See* 20 C.F.R. § 404.1513. Plaintiff's GAF score of 50 does not qualify as evidence of a disability in this case.

In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). Here, it is clear that the ALJ did not "pick

and choose only the evidence that supports his position," *Loza*, 219 F.3d at 393, but properly considered Plaintiff's physical and mental impairments.

The second of Plaintiff's arguments is that the ALJ did not give proper weight "to the records and opinions of the treating and examining doctors." *See* Plaintiff's Brief at 11. Specifically, Plaintiff complains that the ALJ did not take into account the findings of Dr. Munyon and MHMR, nor did he take into account her symptoms of fatigue and mental confusion. The Fifth Circuit has held that the ALJ need only perform a detailed analysis of the treating physician's views if there is no "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist." *Newton v. Apfel*, 209 F.3d 448, 454 (5th Cir. 2000). Here, as Defendant points out, Plaintiff's treating specialist's opinion did not controvert (nor was it controverted by) the other evidence in the record. In fact, the ALJ succinctly stated that " Diagnoses of panic with agoraphobia and major depressive disorder were *proved* in August 2004 by Dr. William Munyon." Tr. 16 (emphasis supplied). The ALJ similarly summarized and integrated the diagnoses based on the evidence from MHMR which were: "biploar disorder I mixed mild and eating disorder, NOS . . . osteoporosis, irritable bowel syndrome . . . [a GAF of] 55, which represented moderate symptoms . . . . " Tr. 16. The ALJ then found that the objective medical evidence shows that Plaintiff has "osteoporosis, fibromyalgia, bipolar disorder and anxiety disorder;" the very same diagnoses Munyon and MHMR indicated. Tr. 16. Therefore, Plaintiff has no basis for her assertion that the opinions of Munyon and MHMR were not taken into account.

Nor does she have any basis for her argument that the ALJ did not take into account her symptoms of fatigue and mental confusion. As Plaintiff concedes, these symptoms "are undisputedly a result of her depression and anxiety." As noted above, the ALJ took into account and found that

Plaintiff has these disorders; therefore, he necessarily took these symptoms into account. To demonstrate that an ALJ's decision was not supported by substantial evidence the claimant must prove (1) that the ALJ "failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Harper v. Barnhart*, 176 Fed. App'x 562, 566 (5th Cir. 2006). Plaintiff cannot carry the burden of showing that she was prejudiced by the ALJ's decision.

Plaintiff's third argument is that the ALJ did not utilize the proper legal standard in determining that her testimony was not credible. Her specific complaints are that (1) she only attends church one time a week, not three times a week as the ALJ stated in his decision, and (2) that the group meetings she attends are more therapeutic than social and therefore should not have been included in the ALJ's calculus that her allegations that she could not work were not credible given her social life.

It is true that Plaintiff stated she goes to church one time a week, not three times, as the ALJ stated in his opinion. Tr. 16, 149. However, there is no dispute that, besides going to church once a week, Plaintiff attends "meetings" – according to her written testimony, meetings for Debtors Anonymous, Overeaters Anonymous, and Al-anon – eats out at Souper Salad once a week, takes care of her neighbor's cat, and babysits to earn extra money. While the ALJ may have been mistaken in the number of times Plaintiff attends church per week, his larger point is supported by substantial evidence: the level of Plaintiff's activities do belie her claim that she cannot work due to depression and anxiety *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Moreover, Plaintiff's contention that her meetings are therapeutic and not social does not withstand scrutiny. Plaintiff stated that "The group for Debtors is crucial to me now." Tr. 149. This, at most,

evinces that the meetings have a social and therapeutic component to them.  In any event, that one statement is not *medical* evidence nor is it, more importantly, enough to undermine the ALJ's conclusions for the reasons elucidated above.

Plaintiff's final argument is that ALJ's decision that Plaintiff can perform a significant range of light work is not supported by substantial evidence.  The first prong of her attack is to argue that Plaintiff's physical symptoms would force her to excessive absenteeism, which the VE testified would preclude her from being steadily employed.  This argument, given that the Court has found that the ALJ's conclusions regarding Plaintiff's disability are supported by substantial evidence, is meritless.  *Infra* pp. 2-5.  Plaintiff's second prong of attack is to point out that, of the three jobs that the ALJ stated in his findings Plaintiff could perform, only one of the three – office order caller – was a job the VE actually testified Plaintiff could perform.  This is correct.  *Cf.* Tr. 19 *with* Tr. 422-25.  However, this was not error; the ALJ need only identify, based on credible evidence, work that exists in significant numbers in the national economy.  *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999) (ALJ must show that there is other gainful employment claimant is capable of).  One job is sufficient to satisfy this requirement.  Thus, the ALJ has fulfilled the requirements of the statute, and Plaintiff did not meet the burden that shifted to her to prove that "[s]he in fact cannot perform the alternate work." *Id*.

## VII.  RECOMMENDATION

Given the foregoing, the Magistrate Court **RECOMMEND**S that the District Court **AFFIRM** the decision of the Commissioner and **ENTER JUDGMENT** in favor of the Defendant.

## VIII.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE